IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

EVELYN M. GREENE,
    Plaintiff,

vs.                                  Case No.: 5:12cv242/MMP/EMT

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon "Plaintiff's Unopposed Petition for Attorney Fees Pursuant to the Equal Access to Justice Act" ("EAJA") (doc. 22), and a response thereto filed by Defendant Carolyn W. Colvin (henceforth "the Commissioner") (doc. 23). Plaintiff seeks an award of EAJA fees in the total amount of $4,049.63. The Commissioner has no objection to the amount sought by Plaintiff (*see* docs. 22, 23).

- Eligibility for Award of Fees

The EAJA, 28 U.S.C. § 2412, allows for the award of attorney fees and ceratin costs against the government provided: 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States, and that party's net worth is less than two million dollars; 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within thirty days of the final judgment in the action; 3) the position of the government is not substantially justified; and 4) no special circumstances make an award unjust. The absence of any one of the above factors precludes an award of fees. 28 U.S.C. § 2412(d)(l)(A), (B).

In this case, there is no disagreement between the parties as to Plaintiff's minimal net worth and status as a "prevailing party." To be sure, in Shalala v. Schaefer, 509 U.S. 292 (1993), the Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the prevailing party and as such was entitled to attorney

fees and expenses under the EAJA.[1] Moreover, the parties do not contest the timeliness of the instant motion for EAJA fees, and the court agrees that Plaintiff's motion was timely filed.[2] Additionally, the parties do not dispute—and the court finds—that the Commissioner's position was not substantially justified (*see* doc. 18). Finally, the court finds that no special circumstances make an award unjust, especially considering that the Commissioner agrees EAJA fees should be paid in this case. Accordingly, an award of fees is appropriate.

- Amount of Fees

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states:

> (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Plaintiff seeks an award based upon hourly rates of $184.38 and $186.63 for work performed by her counsel in 2012 and 2013, respectively, based upon changes in the Consumer Price Index ("CPI") (*see* doc. 22 at 3). The undersigned concludes that the rates requested are reasonable. *See, e.g.*, Brungardt v. Comm'r of Soc. Sec., 234 F. App'x 889, 891 (11th Cir. 2007) (unpublished) (finding proper an EAJA award based upon an hourly rate of $147 for work done in 2005 and 2006 and noting "that 'a court is itself an expert on the question [of a reasonable hourly rate] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'") (citing Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988)); *see also, e.g.*, Facine v. Barnhart, Case No. 5:02cv26/MD (N.D. Fla. 2004) (finding compensation at the rate of $145.00 per hour reasonable for work performed in 2001 through 2004); Godwin v. Barnhart, Case No. 3:04cv298/RV/EMT (N.D. Fla. 2006) (finding compensation at the rate of $147.63 per hour reasonable, based upon a change in the CPI, for work performed in 2004 through 2005). The

---

[1] Here, the court reversed the decision of the Commissioner and remanded the case pursuant to sentence four of § 405(g) (*see* doc. 18, Report and Recommendation ("R & R"); doc. 19, Order adopting R & R).

[2] The district court entered its order adopting the R & R on September 27, 2013, and the clerk entered judgment the same day (docs. 19, 20). An amended judgment was entered on October 9, 2013 (doc. 21). As the Commissioner has sixty days within which to file an appeal of the district court's decision, a judgment typically becomes final after sixty days, and a prevailing plaintiff then has another thirty days within which to file an application for fees. *See* Fed. R. App. P. 4(a)(1)(B) (notice of appeal may be filed within sixty days after entry of the judgment when the United States is a party in the case); *see also* Shalala v. Schaefer, 509 U.S. at 297–98 (discussing timeliness of EAJA application); Myers v. Sullivan, 916 F.2d 659, 667–72 (11th Cir. 1990) (same). The instant motion for EAJA fees was filed on December 23, 2013, within ninety days of the district court's (original and amended) judgment and thus was timely filed.

undersigned also concludes that the hours expended by Plaintiff's counsel on Plaintiff's behalf (i.e., 21.8) are reasonable. Accordingly, a fee award in the amount of $4,049.63 ($1548.79, for work performed in 2012 ($184.38 x 8.4) + $2500.84, for work performed in 2013 ($186.63 x 13.4) = $4,049.63), as agreed upon by the parties, is appropriate.

- <u>Whether the Award is Payable to Plaintiff or his Counsel</u>

The remaining question concerns to whom the EAJA award is payable. In <u>Astrue v. Ratliff</u>, 560 U.S. 586, 130 S. Ct. 2521, 177 L. Ed. 91 (2010), the Supreme Court resolved a split among certain Circuit Courts of Appeal and held that an award of "fees and other expenses" to a "prevailing party" under § 2412(d) is payable to the litigant, not to the litigant's attorney. *See also* <u>Reeves v. Astrue</u>, 526 F.3d 732 (11th Cir. 2008) (same). The Court further held that because the EAJA award was "payable to the litigant," the government could offset a claimant's qualifying debt (to the United States) against that award. <u>Ratliff</u>, 560 U.S. 686, 130 S. Ct. 2521, 2528–29.[3] The award in this case is therefore properly payable to Plaintiff, as the "prevailing party," assuming an award remains after any qualified debts have been satisfied. The court will, however, direct that any award be mailed to the office of Plaintiff's counsel, so that she and Plaintiff may mutually implement their fee agreement without this court's involvement.

Accordingly, it is respectfully **RECOMMENDED** that "Plaintiff's Unopposed Petition for Attorney Fees Pursuant to the Equal Access to Justice Act" (doc. 22), be **GRANTED** as follows:

1. Plaintiff is entitled to recover fees in the amount of $4,049.63, for time expended by her counsel in representing her before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"). The fee award is subject to an offset to satisfy any qualifying, outstanding debt that Plaintiff may owe to the United States.

2. If Plaintiff receives all or any portion of the EAJA fee award, it shall be mailed to her in care of her attorney, Heather Freeman, Daley Disability Law, PC, 601 West Randolph St., Suite 300, Chicago, IL 60661.

At Pensacola, Florida, this 3rd day of January 2014.

/s/ *Elizabeth M Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] In <u>Ratliff</u>, the Court was not required to address whether its decision would have been different if the claimant had assigned her right to the EAJA award directly to her attorney, as Plaintiff has done in the instant case.

Case No.: 5:12cv242/MMP//EMT

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636;** United States v. Roberts, **858 F.2d 698, 701 (11th Cir. 1988).**